# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**AK Steel Corporation,**
**Employer Below, Petitioner**

**vs.)      No. 21-0747**      (BOR Appeal No. 2056442)
                              (Claim No. 2019013522)

**Michele Stiles, widow of Timothy L. Stiles,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner AK Steel Corporation appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Michele Stiles, widow of Timothy L. Stiles, filed a timely response.[1] The issue on appeal is dependent's benefits. The claims administrator rejected the claim on October 21, 2019. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its February 12, 2021, Order and granted Mrs. Stiles fatal dependent's benefits. The Order was affirmed by the Board of Review on August 24, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Stiles was employed as a coke side bench hand, and on his second day of work, September 3, 2018, he was found unresponsive and not breathing at his place of employment. A note from Brooke County Ambulance Service stated that it was so hot in the area where Mr. Stiles was found that his body had to be moved to a different area for emergency treatment. It was noted to be 120 degrees. Mr. Stiles was transported to Weirton Medical Center Emergency Department where he was extremely hot to the touch and had a body temperature of 101.2 degrees. Mr. Stiles had second and third degree burns on his back, cardiac arrest, hematoma, and a superficial head laceration. After no response to treatment, Mr. Stiles was pronounced dead, and the diagnosis was listed as hyperthermia.

A death certificate was completed by Andrea Orvik, M.D., on September 6, 2018. It indicates Mr. Stiles was fifty-eight at the time of his death. The immediate cause of death was listed as hypertensive cardiovascular disease with environmental heat exposure listed as a significant contributing condition. In the description of the injury, it was noted that Mr. Stiles worked in a hot environment while wearing multiple layers of clothing. Dr. Orvik performed an

---

[1]Petitioner, AK Steel Corporation, is represented by Maureen Kowalski, and respondent, Michele Stiles, widow of Timothy L. Stiles, is represented by Christopher J. Wallace.

autopsy on September 6, 2018, and in her September 30, 2018, report, she noted that Mr. Stiles had a history of hypertension. The autopsy showed evidence of hypertensive cardiovascular disease and dehydration. Dr. Orvik stated that while Mr. Stiles died as a direct result of hypertensive cardiovascular disease, environmental heat exposure could not be ruled out as a significant contributing factor in his death.

A January 7, 2019, Occupational Safety and Health Administration ("OSHA") Fatality/Catastrophe Report indicates Mr. Stiles's job required him to go to that area to clean up spilled coke that had fallen from the oven using a broom and shovel and occasionally use a chipping hammer to remove excess sealer from oven doors. The benches were located approximately ten feet from the coke ovens. Mr. Stiles was found at the end of his shift in the coke oven bench area. Clean up of the coke ovens usually took about five minutes. The day he passed away, Mr. Stiles did approximately fifteen cleanups. Between cleanups, he was able to go to the foreman's air-conditioned office or either end of the coke battery, which was shaded. While cleaning around the coke oven, Mr. Stiles had to wear fire retardant rated pants and long sleeve shirts, Kevlar arm guards, metatarsal boots, aluminized leggings, leather Kevlar lined gloves, a half mask respirator, a hard hat with shield, safety glasses, and a drape over the back of the mask.

In a report, James D. Harris, Safety Manager for Mountain State Carbon, LLC, stated that it was determined that Mr. Stiles's death was not work-related. Mr. Harris said that Mr. Stiles was found lying on hot coke which is between 1800 and 2000 degrees and if Mr. Stiles were at all conscious when he fell, he would have tried to move. Mr. Stiles was observed throughout the day by his coworkers and appeared to be normal and in no apparent distress. Mountain State Carbon concluded that Mr. Stiles likely suffered a sudden medical event rather than heat exhaustion and died while standing. Mr. James noted that the death certificate listed the cause of death as hypertensive cardiovascular disease, which is consistent with Mountain State Carbon's medical expert's opinion that Mr. Stiles had a heart-attack-like event.

In an undated record review, Amish Mehta, M.D., a cardiologist, stated that Mr. Stiles was seen by Stanley Mannino, M.D., also a cardiologist. Dr. Mannino performed testing and found no evidence of cardiac blockages. Dr. Mehta stated that he reviewed Mr. Stiles's autopsy and agreed with the finding of hypertensive heart disease as the primary cause of death. He noted that Mr. Stiles's heart was thickened but that his arteries were clear. Therefore, he could not have had a heart attack, which is caused by blockage. Dr. Mehta stated that Mr. Stiles's body temperature was 2.6 degrees above normal when measured at the emergency department and that heat exposure did not cause his death. Dr. Mehta concluded that Mr. Stiles's death was most likely the result of undiagnosed hypertensive heart disease. On October 21, 2019, the claims administrator denied Mrs. Stiles's application for dependent's benefits.

Prentice Cline, Area Director for OSHA sent an undated letter to Mountain State Carbon in which she stated that the results of an inspection of workplace conditions concluded the bench hands work alone. The areas in which they work are in excess of ninety degrees and workers are not monitored closely to verify that they are not dehydrated, are taking proper breaks, and are not experiencing symptoms of heat stress. Further, Mrs. Cline stated that the response protocols employed by the employer's emergency services at the site are not adequate.

Todd Luckasevic, D.O., a forensic pathologist with fifteen years of experience, reviewed the records and opined that Dr. Orvik erred in finding the cause of death to be hypertensive cardiovascular disease. Dr. Luckasevic opined that Mr. Stiles's heart weighed 420 grams, which was within normal range and rules out cardiomegaly. Further, Mr. Stiles did not have right or left ventricular hypertrophy. Mr. Stiles died on his second day of work, and his body was not used to the extreme temperatures. Dr. Luckasevic noted that Mr. Stiles's temperature was 101.2 but was measured at least forty-five minutes after treatment and possibly hours after his collapse at work. Therefore, his temperature at the time of his collapse was likely much higher than 101.2 degrees. Dr. Luckasevic concluded that Mr. Stiles died as a result of hyperthermia due to exposure to extreme environmental temperatures while wearing multiple layers of protective clothing.

In a June 27, 2020, addendum report, Dr. Mehta stated that he reviewed additional information, including Dr. Luckasevic's report, and disagreed with the conclusion that Mr. Stiles died as a result of hyperthermia. Dr. Mehta asserted that Dr. Luckasevic ignored other possible causes of Mr. Stiles's death including cardiac arrhythmias and seizures, both of which can occur with the decedent's presenting heart rhythm. Dr. Mehta noted that Mrs. Stiles stated in a deposition that Mr. Stiles did a lot of gardening and had other hobbies, all of which support the conclusion that Mr. Stiles was fit to work. He also noted that Mr. Stiles was observed by his coworkers on the day he collapsed and did not appear to be in any distress. Dr. Mehta noted that ranges for heart weight vary depending on body mass index, and Mr. Stiles's body mass index was a little heavy. Also, his heart wall thickness was at the top end of normal. Dr. Mehta opined that it could not be said one way or another if environmental heat exposure was a significant contributing factor in Mr. Stiles's death.

The Office of Judges reversed the rejection of the claim in its February 12, 2021, Order and granted Mrs. Stiles dependent's benefits. It found that Dr. Orvik stated on the death certificate that environmental heat exposure was a significant condition contributing to Mr. Stiles's death. The Office of Judges also noted that at the time of his death Mr. Stiles was wearing multiple layers of protective clothing and that the area was so hot that his body had to be moved before paramedics could treat him. The Office of Judges found that while Dr. Mehta, a cardiologist, opined that Mr. Stiles died as a result of hypertensive heart disease, Dr. Luckasevic, a forensic pathologist, opined that Mr. Stiles died due to hyperthermia. Finally, the Office of Judges noted that the OSHA report concluded that Mr. Stiles showed signs of dehydration consistent with heat exposure. Further, OSHA found that employees worked alone around coke ovens and were not monitored for dehydration or heat stress. The Office of Judges concluded that Dr. Luckasevic's opinion was the most reliable of record and that Mrs. Stiles was entitled to dependent's benefits as a result of Mr. Stiles's work-related death. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on August 24, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so

3

clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code § 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the occupational injury or disease contributed in any material degree to the death. *See Bradford v. Workers' Comp. Comm'r*, 185 W.Va. 434, 408 S.E.2d 13 (1991). A preponderance of the evidence indicates that excessive heat exposure materially contributed to Mr. Stiles's death. Though there is a disagreement among physicians regarding the immediate cause of death, all but Dr. Mehta agreed that excessive heat exposure significantly contributed to Mr. Stiles's death. Further, OSHA evaluated the workspace and determined that employees worked alone around coke ovens and were not monitored for dehydration and heat exhaustion. Mr. Stiles passed away on his second day of work while wearing multiple layers of clothing in an area that was so hot that paramedics had to move his body before they could administer emergency treatment. Mrs. Stiles has met her burden of proof showing she is entitled to fatal dependent's benefits.

Affirmed.

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4